[Civ. No. 288.   Second Appellate District.—June 11, 1906.]

## WM. LEACHMAN LEWIS et al., Appellants, v. DOZIER LEWIS, Administrator with Will Annexed of Estate of HENRY LEWIS, Deceased, et al., Respondents.

DEEDS—RESERVATION—POWER FOR BENEFIT OF GRANTOR—EFFECT UNDER FORMER CODE—ABSOLUTE FEE.—A deed, executed while the title of the Civil Code on powers was in force, is governed by the provisions of that title, as respects a reservation of power for the sole benefit of the grantor; and a deed so executed to children for love and affection, reserving to the grantor the power at any time, for his own benefit, to sell and convey the property, or any part of it, to any person for such price and on such terms as to him should seem advisable, and to apply the proceeds to his own use, had the effect, under that title of the code, to reserve and leave vested in the grantor an absolute fee.

ID.—CONSTRUCTION OF RESERVATION.—Under section 1069 of the Civil Code, then and still in force, a reservation in any grant is to be interpreted in favor of the grantor; and giving to such reserved power of sale for the benefit of the grantor the liberal construction to which it is entitled as a reservation, the benefit of the grantor must be construed to include anything, pecuniary or otherwise, which in his opinion was beneficial to him or his estate.

ID.—EXPRESSION OF SMALL CONSIDERATION—ADEQUACY—PRESUMPTION—DISCRETION OF GRANTOR.—The expression of $100 as the consideration in a deed executed by the grantor under the power so reserved may be inadequate as compared with the actual value of the premises, but this sum may not have been in a pecuniary sense the only benefit received.  The deed is presumptive evidence of consideration; and its adequacy of pecuniary value or benefit in any regard was, under the terms of the reservation, a matter peculiarly within the discretion of the grantor as to amount and character; and where nothing appears to the contrary, the consideration must be deemed satisfactory to him in every regard, and to be for his benefit, under the terms of the reservation.

ID.—ACTION BY ORIGINAL GRANTEES TO QUIET TITLE—RECONVEYANCE BY SECOND GRANTEE—WILL OF GRANTOR.—In an action by the original grantees in the deed containing such reservation to quiet title as against the personal representative and devisees under the will of the deceased grantor, a reconveyance to the grantor by the second grantee, to whom a deed was made under the reserved power to sell and convey, is immaterial to the plaintiffs, and cannot support their action.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial. J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

Thomas O. Toland, E. W. Squier, and John J. Squier, for Appellants.

B. F. Thomas, Richards & Carrier, and Cushing, Grant & Cushing, for Respondents.

THE COURT.—The suit is to quiet title to the land described in the complaint. The judgment was for the defendants, and the plaintiffs appeal therefrom, and from an order denying their motion for a new trial.

The plaintiffs deraign title under a deed of date November 1, 1873, wherein their father, the deceased Henry Lewis, is party of the first part and they are parties of the second part. This deed purports to be in consideration of natural love and affection and to grant to the parties of the second part the property in question. But the granting part of the deed and description of the land is followed by certain reservations, which, so far as material, are as follows:

"I, Henry Lewis, the above-named grantor, do hereby reserve to myself, and for my own benefit, the power, during my natural life, to reside upon, occupy, improve, and cultivate, the real property above granted, and to apply the profits derived therefrom to my own use. And I do hereby reserve to myself for my own benefit, the power, at any time during my natural life, to make and execute, according to my pleasure, such mortgage or mortgages upon said property, or any part thereof, as I may think necessary to secure the payment of any sum or sums of money, to any person whatever. And I do hereby reserve to myself, for my own benefit, the power, at any time during my natural life, to grant, bargain and sell all of said property, or any part thereof, to any person, for such price, and on such terms as to me shall seem advisable and to make, execute and deliver good and sufficient deeds for the same, and to apply the proceeds of such sales to my own use. This reserved power is to be construed as reserving to

myself the power to sell said property, or any part thereof, at any time, although I may have previously (under this power) leased or mortgaged, or both leased and mortgaged the same,'' etc.

The defendants claim under the will of the deceased, which devises to the defendant Rebecca Lewis a life estate in the lands in question, with remainder to certain of the other defendants and of the plaintiffs; and it is found that Henry Lewis, deceased, at the time of his death was the owner in fee simple of the land in question. This finding is based upon a deed of the deceased in his lifetime, of date October 2, 1879, to one Newell and a reconveyance from Newell of the same date to himself; both deeds purporting to be in consideration of the sum of $100, and both being recorded on the day of their execution; the former at 2 o'clock P. M., and the latter at five minutes past 2. The deed from Lewis to Newell appears from its recitals to have been made in pursuance of the power "to grant, bargain and sell" contained in the deed of the former to his children; and the question is, whether it was a due execution of this power.

The deed was executed during the period in which the title on powers of the Civil Code was in force. The effect of the deed is, therefore, to be determined by the provisions of that title; and we are of the opinion that, under the provisions of sections 905, 920 and 922, the effect of the deed was to reserve and leave vested in the grantor an absolute fee. (See, also, Civ. Code, secs. 909, 918, 919, 921.)

The effect of the provisions last cited is to vest, or leave vested, in the holder of the power an estate in fee simple in favor of creditors, purchasers and encumbrancers; and of the sections first cited, to extend the principle to all cases.

The reconveyance by Newell is an immaterial circumstance. It would be otherwise, had the power been held by Lewis in trust or for the benefit of the plaintiffs. But as the matter stands, the power was wholly for his benefit, and it could make no difference to the plaintiffs whether the land was reconveyed to Lewis, or otherwise.

By the provisions of section 922, in force when the deed to plaintiff was executed, "every power of disposition is deemed absolute, by means of which the holder is enabled in his lifetime to dispose of the entire fee in possession, or in ex-

pectancy, for his own benefit.'' Section 1069, then and now in force, provides that ''a grant is to be interpreted in favor of the grantee, except that a reservation in any grant . . . is to to be interpreted in favor of the grantor.'' The power of disposition reserved by Henry Lewis was to ''grant, bargain and sell to any person, for such price and on such terms'' as to him seemed advisable, and to execute deeds therefor, applying the proceeds to his own use. Giving to this reserved power the liberal construction to which, as a reservation, it is entitled, it is a power to convey the premises, if deemed advisable by Lewis and for his benefit so to do. The benefit to the grantor must include anything pecuniary or otherwise which, in his opinion, was beneficial to him or his estate. While it may be true that the consideration of $100, expressed in the deed to Newell, was inadequate as compared with the actual value of the premises granted, this sum may or may not have been, in a pecuniary sense, the only benefit he received. ''A written instrument is presumptive evidence of a consideration.'' (Civ. Code, sec. 1614.) The adequacy of consideration passing to Lewis on account of this deed, whether of pecuniary value or beneficial in other regards, was a matter which, by the terms of the power reserved, was peculiarly within his discretion as to amount or character. Nothing in the record to the contrary appearing, we may not say that it was not satisfactory to him in every regard; nor that the conveyance was not for his benefit in the sense requisite to the exercise of the power to convey. The objections, therefore, of plaintiffs to his introduction of the Newell deed were not well taken, and the deed thus in evidence was sufficient to support the findings of the court.

Entertaining these views, the other specifications of error are immaterial and need not be discussed.

Judgment and order affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 9, 1906.